In the Matter of the Claim of EMMA L. THOMPSON, Respondent, against TOWN OF PATTERSON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of death benefits made by the Workmen's Compensation Board to the widow of a deceased employee. Decedent, a road laborer, was caught in a landslide while working in a sand bank and injured his right knee. The accident happened on January 23, 1943, and he died, some six years later, on June 5, 1949, of terminal pneumonia which was superimposed upon a condition of the lungs known as bronchiectasis. He was sixty-eight years old when he died. The board found that his death was the natural and unavoidable result of the accident in 1943, and in so doing reversed the decision of a referee who found that causal connection had not been proven. The only issue on appeal is that of causal connection. Between the date of the accident and the death of decedent several operations were performed on his right knee, the last one resulting in a complete fusion and rigidity of the knee. The only physician who testified for causal connection was a general practitioner who treated decedent. His theory was that the knee injury caused decedent to become inactive, and the lack of physical activity, plus loss of sleep and worry, caused decedent to become run down so that a sedentary pneumonia finally developed in conjunction with the bronchiectasis. The doctor conceded that his opinion was more or less speculative. Against his opinion there was strong medical testimony the other way. Viewing the record as a whole we think the speculative opinion as expressed was too tenuous to be regarded as substantial evidence, especially in view of the lapse of time, decedent's age and other factual data. Award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.